ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **SANTOS NIEVES CONDE**<br>RECURRENTE(S)<br><br>V.<br><br>**TRIBUNAL DE PRIMERA INSTANCIA SALA SUPERIOR DE GUAYAMA Y DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)**<br>RECURRIDA(S) | **KLRA202300256** | ***Revisión de Decisión Administrativa***<br>procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.<br>**GM2022CV00782 (301)**<br>**GMA500-262-23**<br><br>Sobre: |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

Barresi Ramos, juez ponente.

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 27 de septiembre de 2023.

Comparece ante este Tribunal de Apelaciones, el señor **SANTOS NIEVES CONDE** (señor **NIEVES CONDE**), mediante un escrito incoado el 24 de mayo de 2023.[1] Aunque en su escrito, el señor **NIEVES CONDE** no hace referencia específica a la determinación administrativa del **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)** que procura revisemos, entendemos que solicita la revisión de unas determinaciones concernientes a una solicitud de cambio de socio penal y otra solicitud en la cual requirió asistencia para obtener una documentación personal, así como para ubicarse en los Estados Unidos una vez extinguida su pena.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] El 31 de mayo de 2023, la Secretaria de este Tribunal de Apelaciones ponchó como recibido el recurso.

Número Identificador:
SEN2023_____

## – I –

El señor **NIEVES CONDE** se encuentra ingresado en la Institución Anexo 500 en Guayama, Puerto Rico. El 24 de mayo de 2023, el señor **NIEVES CONDE** suscribió un escrito ante este foro revisor, en el cual, a grandes rasgos, solicita la revisión de una resolución emitida y notificada "por la Secretaria de corrección. (sic) Ana Escobar Pabon (sic). Usando un oficial de corrección (sic) como emplazador alegando que estaba desestimada (sic)."[2] Sin embargo, del escrito incoado podemos inferir que el señor **NIEVES CONDE** solicita la revisión de dos (2) solicitudes de remedios administrativos presentadas.

Conforme surge, el 17 de octubre de 2022, el señor **NIEVES CONDE** suscribió una *Solicitud de Remedio Administrativo* ante la División de Remedios Administrativo del **Departamento de Corrección y Rehabilitación (DCR)**, en la cual reclamó el cambio de su socio penal, el señor Ismael López[3]. Posteriormente, el 16 de febrero de 2023, el señor **NIEVES CONDE** suscribió una segunda *Solicitud de Remedio Administrativo* requiriendo asistencia para obtener cierta documentación personal, toda vez que, según expresó, saldría de la institución y se iría a Estados Unidos.[4]

No obstante, tras un concienzudo análisis, constatamos que del expediente ante nuestra consideración no obra determinación alguna emitida por el **DCR** que verse sobre los aludidos asuntos. Contrario a ello, el expediente únicamente incluye las dos (2) solicitudes antes reseñadas, así como dos (2) notificaciones emitidas por el Tribunal de Primera Instancia, Sala Superior de Guayama, concerniente a la representación legal del señor **NIEVES CONDE**.

Ante dicho cuadro fáctico, el 16 de junio de 2023, decretamos una *Resolución* en la cual concedimos un plazo de veinte (20) días al señor **NIEVES CONDE** para presentar y/o suministrar copia fiel y exacta de los siguientes documentos:

---

[2] Véase escrito incoado.

[3] Véase apéndice, pág. 2. El mismo fue recibido el 9 de noviembre de 2022 por la División de Remedios Administrativos del **Departamento de Corrección y Rehabilitación (DCR)**.

[4] Véase apéndice, pág. 1. Dicho escrito fue recibido el 7 de marzo de 2023 por la División de Remedios Administrativos del **Departamento de Corrección y Rehabilitación (DCR)**.

*Respuesta al Miembro de la Población Correccional [DCR-RA-2002 (Rev. 04-21)]; Solicitud de Reconsideración [DCR-RA-2008 (05-15)]; y Respuesta de Reconsideración al Miembro de la Población Correccional [DCR-RA-2020 (Rev. 09-18)];* así como cualquier otro documento concerniente a su reclamación, so pena de desestimar el recurso. Ello a los fines de constatar si este Tribunal tenía jurisdicción o no. Al día de hoy, el señor **NIEVES CONDE** no ha comparecido.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho…" Ante ello, prescindimos de la comparecencia del **Departamento de Corrección y Rehabilitación** (**DCR**). Detallamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s) a los fines de adjudicar.

– II –

– A –

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (*LPAU*), conocida como Ley Núm. 38-2017, según enmendada, faculta a este tribunal intermedio a revisar las determinaciones finales decretadas por las agencias administrativas.[5] Así las cosas, expone lo siguiente:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 2165.

Ello implica que, recibido una respuesta o determinación administrativa, si no se estuviese conforme con la misma debe solicitarse reconsideración o presentarse revisión administrativa. Antes de acudir ante nos, es menester agotar todos los remedios administrativos disponibles.

---

[5] 3 LPRA § 2171.

– **B** –

Los requisitos aplicables sobre el perfeccionamiento de un recurso de apelación o discrecionales están contenidos en el Reglamento del Tribunal de Apelaciones de 2004; la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, según enmendada; y en las Reglas de Procedimiento Civil de 2009, según enmendadas. Nuestro Tribunal Supremo ha establecido que los litigantes deben observar rigurosamente las disposiciones reglamentarias sobre el perfeccionamiento de sus recursos.[6] Ello a los fines de que los tribunales revisores estén en posición de ejercer adecuadamente su función, toda vez que el incumplimiento de dichos mandatos impide tener de un expediente completo y claro para delimitar la controversia ante su consideración.[7]

Así las cosas, la Regla 59 (C) de nuestro Reglamento dispone todo lo relacionado al contenido que deberá tener toda solicitud de *revisión de decisiones administrativas*.[8] A esos efectos, la citada Regla, en lo pertinente, establece lo siguiente:

> El escrito de revisión contendrá:
> (A). . .
> (B) Índice
> Inmediatamente después, habrá un índice detallado del recurso y de las autoridades citadas conforme a lo dispuesto en la Regla 75 de este Reglamento.
> (C) Cuerpo
> (1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:
> [...]
> (c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.
> (d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

---

[6] *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).

[7] *Íd.*

[8] Regla 59 (C) del Reglamento del Tribunal de Apelaciones, *supra*, R. 59 (C).

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

[...]

(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del Apéndice.

(c) **La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren**.

(d) **Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión**.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el Apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

[...] (Énfasis nuestro).

– C –

La *jurisdicción* es el poder o autoridad con el que cuenta un tribunal para considerar y decidir los casos y controversias ante su consideración.[9] Por lo que, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una controversia.[10]

Los tribunales deben ser celosos guardianes de su *jurisdicción*. Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Las cuestiones de

---

[9] *FCPR v. ELA et al.*, 2023 TSPR 26, 211 DPR ___ (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022); *Cruz Parrilla v. Dpto. Vivienda*, 184 DPR 393, 403 (2012); *ASG v. Mun. San Juan*, 168 DPR 337, 343 (2006).

[10] *Allied Mgmt Group v. Oriental Bank*, 204 DPR 374 (2020); *Peerless Oil v. Hermanos Pérez*, 186 DPR 239, págs. 249-250 (2012).

*jurisdicción* por ser privilegiadas deben ser resueltas con preferencia. Si un tribunal se percata que carece de *jurisdicción*, así tiene que declararlo y desestimar el caso.[11]

El Tribunal Supremo ha resuelto enfáticamente que la ausencia de *jurisdicción* trae consigo las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa de los procedimientos, a instancia de las partes o por el tribunal motu proprio".*[12]

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra*, faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[13] Una vez un tribunal determina que no tiene *jurisdicción*, *"procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos".*[14] Ello sin entrar en los méritos de la controversia ante sí.

– III –

El señor **NIEVES CONDE** presentó unas solicitudes de remedios administrativas ante la División de Remedios Administrativos del **DCR**. Posteriormente, el 31 de mayo de 2023, presentó un escrito ante este Tribunal de

---

[11] *FCPR v. ELA et al.*, supra; *Allied Mgmt Group v. Oriental Bank*, supra, págs. 366-387; *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

[12] *MCS Advantage v. Fossas Blanco et al.*, 2023 TSPR 08, 211 DPR ___ (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, supra, pág. 395; *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101-102 (2020); *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); y *González Sotomayor v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

[13] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*

[14] *Allied Mgmt Group v. Oriental Bank*, 204 DPR 374, 385 (2020); *Peerless Oil v. Hermanos Pérez* supra, pág. 250; *S.L.G. Szendrey-Ramos v. F. Castillo Family Properties Inc.*, 169 DPR 873, 883 (2007).

Apelaciones mediante el cual, solicitó la revisión de las determinaciones administrativas emitidas concernientes a dichas solicitudes. Empero, las aludidas determinaciones administrativas no fueron incluidas como parte del apéndice del recurso ante nuestra consideración. Ante ello, el 16 de junio de 2023, concedimos al señor NIEVES CONDE un término de veinte (20) días para presentar los documentos necesarios que nos permitieran constatar nuestra *jurisdicción* para atender en los méritos el recurso. Al día de hoy, el señor NIEVES CONDE no ha comparecido.

En casos como el presente, los documentos administrativos son indispensables y esenciales para auscultar nuestra *jurisdicción*. La omisión de presentar tales documentos o en su defecto, la descripción o referencia específica de la resolución y los fundamentos para la revisión judicial, nos impide ejercer nuestra función revisora. En este caso, ante la ausencia de una de la documentación requerida, este Tribunal de Apelaciones no puede ejercer su función revisora.

De igual forma, es menester señalar que el señor NIEVES CONDE no cumplió con los requisitos reglamentarios para el perfeccionamiento de su solicitud de revisión, entre estos, no incluyó un índice detallado del recurso y de las autoridades citadas conforme con la Regla 75 de nuestro Reglamento, no indicó de cuál determinación recurre y no realizó ningún señalamiento de error ni discutió el mismo. El hecho de que una parte comparezca por derecho propio no justifica el incumplimiento de las reglas procesales y sustantivas en nuestro ordenamiento jurídico.[15]

Ante esta situación, no se nos ha permitido poder determinar si tenemos o no *jurisdicción* para atender este recurso, por lo cual nos vemos obligados a ordenar la *desestimación* de esta causa de acción.

- IV -

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra*, se **desestima,** por falta de

---

[15] *Pueblo v. Román Mártir*, 169 DPR 809 (2007).

*jurisdicción* e incumplimiento con nuestras disposiciones reglamentarias, el *escrito* instado el 24 de mayo de 2023 por el señor **NIEVES CONDE**; y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente**.

**Notifíquese al(a la) señor(a) Santos Nieves Conde quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación a: P.O. Box 10005 Guayama, PR 00785 o en cualquier institución en donde se encuentre.**

Lo acordó el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones